NOT FOR PULICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

AMEEN PHARMACY LLC,

                    Plaintiff,

v.

OPTUMRX, INC., *et al.*,

                    Defendants.

Civil Action No. 24-10770 (SDW) (JSA)

**OPINION**

July 1, 2025

**WIGENTON**, District Judge.

       Before this Court is the Report and Recommendation dated February 21, 2025, by Magistrate Judge Jessica S. Allen (D.E. 16 ("R&R")) recommending granting Plaintiff Ameen Pharmacy LLC's ("Ameen") motion to remand (D.E. 6). Defendants OptumRx, Inc. ("OptumRx"), Optum Primary Care North Bergen ("Optum Primary Care"), and Optum Pharmacy 700 ("Optum 700") objected to the R&R (D.E. 17 ("Obj.")), and Ameen responded to that objection (D.E. 18). Upon reviewing the R&R, objection, and response, this Court **ADOPTS** Judge Allen's R&R.

       Ameen initially filed its complaint in New Jersey Superior Court, Chancery Division (Hudson County) on November 8, 2024. (D.E. 1-1 ("Compl.").)[1] OptumRx and Optum 700 removed the case to this Court on November 26, 2024 on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. (D.E. 1 ¶ 7.) In doing so, they acknowledged that complete diversity, necessary for federal subject matter jurisdiction,

---

[1] For a more detailed explanation of the underlying facts, see the R&R.

does not exist on the face of the complaint because both Ameen and Optum Primary Care are New Jersey citizens. (*Id.* at ¶¶ 10, 15.) They contend that Optum Primary Care's citizenship should not be considered, however, because Optum Primary Care was fraudulently joined to defeat diversity jurisdiction. (*Id.* at ¶ 16.) Ameen moved to remand on the bases that complete diversity is lacking, that Defendants have not sufficiently established Optum 700's citizenship, and that the New Jersey Superior Court has exclusive jurisdiction over the New Jersey Antitrust Act claims in the complaint. (D.E. 6-3 at 8–18.)

The R&R concludes that the matter should be remanded because Optum Primary Care was not fraudulently joined, so complete diversity is lacking. (R&R at 8–13.) Under Federal Rule of Civil Procedure 72(b)(3), a district judge "must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1). Defendants timely objected to Judge Allen's R&R on four grounds (Obj.), addressed below.

## I.      Merits Analysis, Adequacy of Pleadings, and Conclusory Allegations

The first three argument sections of Defendants' objection contain the same argument in slightly different packages. In each of them, Defendants argue that the R&R misconstrued the law and should scrutinize the claim against Optum Primary Care more thoroughly than it did. The three sections argue that a court assessing fraudulent joinder may consider (1) the merits of the claim, (2) the adequacy of the pleadings, and (3) whether the allegations are conclusory. (Obj. at 5–17.) Defendants concede that the fraudulent joinder standard is "significantly more forgiving than that governing motions to dismiss," (*id.* at 5–6 (quoting R&R at 6)), but each of these arguments, in substance, urges the court to apply the motion to dismiss standard.

For example, Defendants first argue that the R&R incorrectly construes Third Circuit law on whether the merits of a claim may be considered in connection with fraudulent joinder. (*Id.*)

They take issue with the R&R's statement that "[t]he substantive merits of disputed claims are not relevant to the fraudulent joinder analysis." (R&R at 6 (citing *Mondesir v. Marriott Int'l Inc.*, Civ. No. 22-1346, 2022 WL 17084405, at *2 (D.N.J. Oct. 26, 2022), *adopted by* 2022 WL 17082494 (D.N.J. Nov. 18, 2022)); *see* Obj. at 5–6.) Defendants contort the standard on fraudulent joinder to argue that courts should, somehow, "consider—but not make decisions based upon" the merits of a claim. (Obj. at 7.) According to Defendants, consideration of the merits is necessary to determine "whether a claim is 'wholly insubstantial and frivolous,'" the standard for fraudulent joinder. (*Id.* at 6 (quoting *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)).)

This issue is semantic—the case cited by the R&R, *Mondesir*, declines to address the "merits" of whether the claim was conclusory or lacked a factual basis, because those issues are appropriately addressed on a motion to dismiss. 2022 WL 17084405, at *3–4. The motion to dismiss standard, as Third Circuit precedent makes abundantly clear, is more demanding than that of fraudulent joinder. *See Briscoe*, 448 F.3d at 216; *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). Determining whether a party was fraudulently joined requires determining only if there is a colorable basis for the claim against it. *Batoff*, 977 F.2d at 851. That question obviously allows consideration of more than just procedural deficiencies, so regardless of whether that question is on the "merits," there is a colorable basis here. Defendants do not offer much reasoning to the contrary, other than that they disagree with the R&R. (Obj. at 9, 13, 16–17.)[2] It remains true, however, that the complaint alleges that Optum Primary Care is diverting patients from Ameen and interfering with competition and Ameen's ability to earn profits. (Compl. ¶¶ 43,

---

[2] After explaining why this Court should consider the merits of the claim against Optum Primary Care, Defendants ironically insist that they "do not seek a merits decision." (Obj. at 8.) As with their argument that courts should somehow "consider" the merits without making a decision based on them, Defendants are making a non-existent distinction. No matter how they try to characterize it, their argument is that the claim against Optum Primary Care is inadequately pled under the motion to dismiss standard.

74, 86.)   That establishes that at least one claim against Optum Primary Care is not wholly insubstantial and frivolous, which is dispositive on the issue of fraudulent joinder.

Defendants' arguments regarding whether the pleadings were adequate and the allegations were conclusory are similar.   They argue that the R&R misconstrues the law, but when it comes to actually applying the law to this case, they fail to show how the R&R erred in finding a colorable basis for at least one claim against Optum Primary Care.   (*See* Obj. at 13 (arguing, without explanation, that claims against Optum Primary Care are "frivolous claims without any colorable basis").)   This is not sufficient to meet their "heavy burden" of establishing fraudulent joinder. *Batoff*, 977 F.2d at 851

On the issue of conclusory allegations, Defendants also state that they did not "ignore the Complaint's generalized … allegations that purport to encompass Optum Primary Care," as suggested in the R&R.   (Obj. at 14.)   Instead, they state that their issue is that those allegations are conclusory.   (*Id.*)   Review of Defendants' opposition to the motion to remand suggests otherwise—there, they wrote:

> the *only* facts alleged by Ameen in its Complaint that even mention Optum Primary Care are [those alleging] that "Optum Primary Care is a medical practice that is located across the street from Ameen that is operated by Optum," that "[a]s a medical practice, Optum Primary Care prescribes medications to patients and has discretion over sending these prescriptions to certain pharmacies," and the letter by Dr. Abdeljaber.

(D.E. 12 at 7 (second alteration in original) (citing Compl. ¶¶ 9–10, 37–38, 48–49, Ex. R).) Regardless, the allegations against all Defendants create a colorable basis for at least one claim against Optum Primary Care.   (R&R at 8–9, 11.)   Defendants' arguments that the allegations against Optum Primary Care are conclusory, or even contradict the allegations (*see* Obj. at 17), are best left for a motion to dismiss.  *Mondesir*, 2022 WL 17084405, at *3; *McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 238 n.14 (D.N.J. 2020).   The standard here is decidedly less stringent,

and the bottom line, as laid out in the R&R, is that these allegations leave open the "possibility that a state court would find that the complaint states a cause of action." *Boyer v. Snap-On Tools*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)). Nothing more is needed.

## II.    Possibility of Amendment

Defendants also object to the R&R's conclusion that even if the complaint were insufficiently pled, it could be remedied by amendment. (Obj. at 17–18.) They argue that the R&R relies on cases that "involve far lengthier and more detailed allegations than those against Optum Primary Care here." (*Id.*) Even if that is true, it does not change the underlying rule that a court considering fraudulent joinder may consider whether the complaint can be remedied by amendment. *See, e.g.*, *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (holding that on fraudulent joinder question, the "court must consider … whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend"); *Marks v. Hellmont*, Civ. No. 19-000142, 2021 WL 1219709, at *6 (D. Guam Mar. 31, 2021) (same); *Ashurst v. Jefferson Pilot Fin. Ins. Co.*, Civ. No. 05-0708, 2006 WL 8437862, at *4 n.6 (S.D. Ala. Feb. 13, 2006) (finding no fraudulent joinder where defendants "failed to demonstrate that the allegedly insufficient pleading could not be remedied by the simple expedient of an amended complaint"). Here, the R&R correctly concluded that amendment of the complaint could supplement the allegations against Optum Primary Care, and that conclusion is relevant to whether the party was fraudulently joined.

In short, this Court finds no issue with the R&R's conclusion that Defendants failed to carry their "heavy burden" of establishing fraudulent joinder. *Batoff*, 977 F.2d at 851. At least one claim against Optum Primary Care has a colorable basis and could be found to state a cause

of action in state court.  That is all that is required to find that Optum Primary Care was not fraudulently joined.  Because Optum Primary Care's presence destroys complete diversity, this Court lacks jurisdiction and must remand the case to state court.

Accordingly, this Court **ADOPTS** Judge Allen's R&R, and this matter is **REMANDED** to the Superior Court of New Jersey, Chancery Division, Hudson County.  An appropriate order follows.

    _/s/ *Susan D. Wigenton*_

**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Jessica S. Allen, U.S.M.J.